UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

SCOTT NJOS,

            Plaintiff,

     v.

UNITED STATES OF AMERICA,

            Defendant.

_____

CIVIL ACTION NO. 3:15-CV-931

(Judge Kosik)

## **MEMORANDUM**

Before the court are Plaintiff's Objections (Doc. 23) to the Report and Recommendation of Magistrate Judge Martin C. Carlson filed on August 31, 2015 (Doc. 22). For the reasons which follow, we will decline to adopt the Report and Recommendation of the Magistrate Judge and will refer the matter back to the Magistrate Judge for further proceedings.

BACKGROUND

Plaintiff, Scott Njos, an inmate confined at the United States Penitentiary, Lewisburg, Pennsylvania, filed a Complaint in the instant action against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §1346 and 2671-2680, raising claims of ordinary negligence and medical malpractice. Specifically, Plaintiff challenges the follow-up care he received after a urinary tract procedure.

On July 28, 2015, the Defendant filed a Motion to Dismiss (Doc. 19), and on August 11, 2015, a Brief in Support thereof (Doc. 20). On August 28, 2015, Plaintiff filed a Brief in Opposition to the Motion to Dismiss (Doc. 21). The basis of the Motion to Dismiss was Plaintiff's failure to file a Certificate of Merit as required by Pa. R. Civ.

P. 1042.3[1].

On August 31, 2015, the Magistrate Judge filed a Report and Recommendation (Doc. 22), wherein he recommended that the Motion to Dismiss be granted and the Plaintiff's Complaint be dismissed without prejudice. On September 14, 2015, Plaintiff filed Objections (Doc. 23) to the Report and Recommendation.

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In the Report and Recommendation, the Magistrate Judge found that

---

[1]Rule 1042.3. Certificate of Merit

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Plaintiff's Complaint was not accompanied by a Certificate of Merit, as required by Pennsylvania law for a professional negligence claim. Pa. R. Civ. P. 1042.3. The Magistrate Judge found that in lieu of filing a Certificate of Merit, Plaintiff submitted a declaration of his own invention detailing his understanding of remarks made by his treating physician.

After setting forth the legal standard for a Motion to Dismiss and for a cognizable claim under the Federal Tort Claims Act, the Magistrate Judge discusses Pa. R. Civ. P. 1042.3, regarding the requirement for a Certificate of Merit under Pennsylvania law. Specifically, the Magistrate Judge states that the requirements of Rule 1042.3 are deemed substantive in nature and federal courts in Pennsylvania apply these prerequisites of Pennsylvania law when assessing the merits of a medical malpractice claim. Further, to the extent that a plaintiff wishes to bring a medical malpractice action, a failure to comply with Rule 1042.3 is a bar to the claim. The Magistrate Judge then looks at the declaration submitted by Plaintiff and concludes that Plaintiff has failed to comply with the requirements of Rule 1042.3 and he recommends dismissal of the complaint without prejudice.

In his Objections to the Report and Recommendation, Plaintiff objects to the Magistrate Judge's characterization of his claims as medical negligence and argues that his action is for ordinary negligence and medical malpractice. The language cited by Plaintiff is merely the Magistrate Judge's summary of Plaintiff's claims as set forth in the Statement of Facts. The Report and Recommendation deals with the Defendant's Motion to Dismiss for failing to file a Certificate of Merit as required under Pennsylvania law in professional liability actions.

Plaintiff objects to the Magistrate Judge's finding that his Complaint is not accompanied by a Certificate of Merit. Plaintiff asserts that in his Complaint at Doc. 1, Sec IV, pgs. 9-10, he specifically asserts that "expert testimony is not necessary in

this case because the issues are within the judges common knowledge...", citing Pa. R. Civ. P. §1042.3(a)(3).  He asserts that his Certificate of Merit is clearly stated in Section IV of the Complaint as "Certificate of Merit."

Plaintiff also objects to the Magistrate Judge's characterization of his Declaration in Support of his Complaint and the Certificate of Merit.  On the day that Plaintiff filed his Complaint, Plaintiff filed a document entitled "Expert Witness Testimony Declaration" (Doc. 3).  In this document, which Plaintiff states is prepared pursuant to Federal Rule of Evidence 801(d)(2)(D), and relates to Exclusions from Hearsay, Plaintiff states that "the statement is offered against an opposing party and — was made by the party agent or employee on a matter within the scope of that relationship and while it existed".  Plaintiff then goes on to recite statements allegedly made on January 26, 2015 and on March 24, 2015, by Urologist Anuj Kumar Chopra.  Plaintiff states that the reason he submitted this Declaration was "to obtain enough subject matter content, in the form of statements by an appropriate, licensed professional in the specialty field of Urology, as to <u>NOT</u> need or require an expert testimony at trial or any other time".  In his Objections, Plaintiff references §1042.3(a)(1) and §1042.3(a)(3) and goes on to object to the specific language of the Magistrate Judge in describing his "Expert Witness Testimony Declaration" and references Attachments A and R of his Complaint, which are Operative Reports of Dr. Raj P. Chopra, M.D. and Dr. Anuj K. Chopra, M.D.  Plaintiff also objects to the Magistrate Judge's findings and conclusions that his Complaint fails to state a claim under the FTCA and the Magistrate Judge's discussion and conclusions, as to Doc. 3, Declaration.

In reviewing the record in this case, in light of Plaintiff''s Objections, there appears to be a misunderstanding as to Plaintiff's intent.  In Section IV of his Complaint, Plaintiff clearly designates a "Certificate of Merit" (Doc. 1, p. 9).  On the

following page, the Plaintiff states:

> Plaintiff posits that expert testimony is not necessary in this case because the issues are within the judges common knowledge. However, Njos questioned his treating urologist Dr. A. Chopra after advising him by letter and later in person that he was persuing a professional negligence claim against BOP medical professionals for ethical violations. He responded to Njos and made statements within the scope of the professional relationship and knowledge concerning the delay of treatment by his employer. Plaintiff profers this questioning and response will due to fufil the appropriate licensed professional statement provision of Pennsylvania Law (See Expert Witness Testimony Declaration Attached). (Doc. 1, p 10)

Plaintiff states that expert testimony is not necessary in this case, because the issues are within the judge's common knowledge, which is a permissible option, in accord with Rule 1042.3(a)(3), in filing a Certificate of Merit. However, Plaintiff then goes on to discuss Dr. Chopra, references his Expert Witness Testimony Declaration (Doc. 3), and goes on to refer to the "appropriate licensed professional statement" as referred to in 1043.3(a)(1) and (2). Thus, Plaintiff's Certificate of Merit appears to be contradictory. The Report and Recommendation discusses why the Declaration fails to comply with 1043.3(a)(1), and why it is not obvious that expert medical testimony is unnecessary. The Magistrate Judge recommends that Plaintiff's Complaint be dismissed without prejudice to the filing of an amended complaint within twenty (20) days which endeavors to correct the deficiencies noted in the Report and Recommendation.

As we indicated above, Plaintiff in his Objections, asserts that he filed a Certificate of Merit with his Complaint at Doc.1, Sec. IV, pp. 9-10, which states that expert testimony is not necessary in this case because the issues are within the judges common knowledge, in accordance with §1042.3(a)(3). Plaintiff also cites Liggon-Redding v. Estate of Sugarman, 659 F.3d 258 (3d Cir. 2011).

In Liggon-Redding, the Court of Appeals for the Third Circuit found that the pro se Plaintiff filed a Certificate of Merit in compliance with the Pennsylvania rules wherein she indicated that expert testimony was unnecessary for the prosecution of

-5-

her complaint. Pa. R. Civ. P. 1042.3(a)(3). The court held that:

> Pro se filings, such as Liggon-Redding's, must be liberally construed. *See Hartmann v. Carroll*, 492 F.3d 478, 482 n.8 (3d Cir. 2007). Liggon-Redding filed two documents within the time period permitted by the District Court. These filings unambiguously stated that she was proceeding under Pennsylvania Rule 1042.3(a)(3) by asserting that no expert testimony was needed to advance her claims. The District Court did not address her point and, instead, characterized her statements as an argument that she need not file a certificate of merit under PA. R. CIV. P. 1042.3(a)(1). The District Court concluded that her claims would need expert testimony and rejected the position it ascribed to Liggon-Redding. In doing so, the District Court abused its discretion. (footnote omitted).
>
> There is no basis in Pennsylvania law that would permit a district court to reject a filing under Rule 1042.3(a)(3) in favor of one filed under Rule 1042.3(a)(1). Pennsylvania law expressly allows a plaintiff to proceed on the basis of a certification that expert testimony will not be required to prove her claim. Of course, the consequence of such a filing is a prohibition against offering expert testimony later in the litigation, absent "exceptional circumstances." PA. R. CIV. P. 1042.3(a)(3), Note. A filing under this rule allows the case to proceed to discovery, leaving the consequence of Liggon-Redding's decision to be dealt with at a later stage of the litigation, such as summary judgment or trial. This is the course of action the District Court should follow on remand. Liggon-Redding, 659 F.3d at 265.

While Plaintiff appears to file a Certificate of Merit under both Rule §1042.3(a)(1) and (a)(3) with his Complaint, he seems to clarify his position in his Objections. In his Objections, he specifically references §1042.3(a)(3). Moreover, while his Declaration references 28 U.S.C. §1746, and Federal Rule of Evidence 801(d)(2)(D), it does not mention Rule 1042.3(a)(1).

Because Plaintiff appears to clarify his decision as to a Certificate of Merit under Rule 1042.3(a)(3) in his Objections, we will allow the action to proceed[2]. We find that while Plaintiff's actions were not as unambiguous as Plaintiff, Liggon-Redding's, he definitively set forth his choice in his Objections. Accordingly, we will decline to adopt the Report and Recommendation and will refer the matter back to the Magistrate Judge for further proceedings.

---

[2] In recommending that the instant action be dismissed without prejudice, the Magistrate Judge states that Plaintiff may still have recourse to the courts on this claim, if he can file a proper certificate of merit and demonstrate reasonable explanation or legitimate excuse for untimely filing. We believe Plaintiff clarified his position in his Objections.