UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT J. NJOS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL NO. 3:15-CV-931 |
| | : | |
| UNITED STATES OF AMERICA, | : | (Judge Kosik) |
| | : | |
| Defendant. | : | |

**<u>MEMORANDUM</u>**

Scott Njos, at the time an inmate at the United States Penitentiary ("USP") at Lewisburg, Pennsylvania, filed this civil rights action wherein he challenges the follow-up care he received after undergoing a urinary procedure. Named as Defendant is the United States of America. According to the complaint, Plaintiff files this matter pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671-2680. He also refers to the matter as one of "medical malpractice." In this Memorandum, the court will address the following motions pending on the docket filed by Plaintiff: a motion to take written depositions (Doc. 33); a motion to compel discovery and enlarge the time for completing discovery (Doc. 42); a motion for clarification (Doc. 47); and a motion for default judgment (Doc. 57).

**I.    Background**

Plaintiff contends that in June of 2013 he underwent a medical procedure, specifically a urethral dilation and the insertion of a Foley catheter. He claims that the treating physician ordered that the catheter remain in place for 7 days, but in the course of transporting him from the hospital to his prison cell following the procedure, the catheter became dislodged and/or damaged. Njos details all of the urinary tract difficulties he has experienced. Despite advising medical personnel at the prison of his need for the catheter, he never received a new one and claims that all of his medical complications resulted from the dislodging/damaging of the catheter. Based on the foregoing, he filed this action against the United States.

In a Report and Recommendation ("R&R") issued by the Magistrate Judge on August 31, 2015, it was recommended that a motion to dismiss filed by the United States based on Plaintiff's alleged failure to file a Certificate of Merit be granted. (Doc. 22.) It was further recommended that although the motion be granted, Plaintiff be afforded twenty (20) days within which to file an amended complaint correcting the deficiencies in the complaint. (Id. at 16.) Plaintiff filed objections to this Report and Recommendation.

On March 10, 2016, the court did not adopt the R&R. (Docs. 27, 28.) Rather, the court found that Defendant's motion to dismiss should be denied, and that the

matter should be referred back to the Magistrate Judge. In particular, the court found that a misunderstanding occurred with respect to Plaintiff's intent in this matter with respect to the Certificate of Merit. (Doc. 27 at 4.) The court found that Plaintiff clearly designated a "Certificate of Merit" in Section IV of his complaint (Doc. 1 at 9), and on the following page stated that expert testimony was not required in this case because the issues were within the common knowledge of the judge. (Id. at 10.) This is a permissible option in accord with Pennsylvania Rule of Civil Procedure § 1042.3. In particular, Pa. R. Civ. P. § 1042.3(a)(3) allows a plaintiff to state that no expert testimony is required. While this statement of Plaintiff seemed contradictory to the Expert Witness Testimony Declaration Plaintiff submitted with his complaint (Doc. 3), the court found that Plaintiff clearly stated his intentions in his Objections when he asserted that he filed a Certificate of Merit with his Complaint at Doc. 1, Sec. IV, pp. 9-10, stating that expert testimony was not necessary because the issues were within the judge's common knowledge, in accordance with § 1042.3(a)(3). Because we found that Plaintiff clarified his position in his Objections, the court allowed the action to proceed, and declined to adopt the Report and Recommendation of the Magistrate Judge.

The following day, the Magistrate Judge issued a case management order setting deadlines for matters such as conducting discovery and the filing of

dispositive motions. (Doc. 29.) Discovery was scheduled to close, and all dispositive motions and their supporting briefs were due, on or before July 15, 2016. Discovery-related motions were due on or before July 1, 2016.

On March 17, 2016, the court issued an order granting a motion filed by Defendant seeking clarification of the Memorandum and Order issued by the court on March 10, 2016. (Doc. 32.) Defendant also sought a stay of the March 11, 2016 Case Management Order. While the court did deny the request for a stay, clarification was provided in that the court informed Defendant that it was found that Sec. IV, pgs. 9 and 10 of Plaintiff's Complaint (Doc. 1), entitled Certificate of Merit, in conjunction with Plaintiff's Objections to the R&R of the Magistrate Judge (Doc. 23), clarified Plaintiff's position that he was proceeding under Pa. R. Civ. P. 1042.3(a)(3), that no expert testimony was necessary for the prosecution of his medical malpractice claim. Thus, the court stated that it had found that Plaintiff sufficiently satisfied the requirement of Pa .R. Civ. P. 1042.3, and denied Defendant's motion to dismiss which was based on the failure of Plaintiff to file a Certificate of Merit. The R&R of the Magistrate Judge was not adopted, and the matter was referred back to him for further proceedings in light of the court's order. (Doc. 32.)

On March 24, 2016, Plaintiff filed a motion seeking leave to take written depositions in this matter. (Doc. 33.)  A brief in support of the motion was also filed.

(Doc. 34.) On the same date, a copy of additional discovery requests was also filed in this matter by Plaintiff. (Doc. 37.) The discovery requests consisted of Requests for Production pursuant to Fed. R. Civ. P. 34 and Requests for Admissions pursuant to Fed. R. Civ. P. 36. (Doc. 37.) On April 7, 2016, Defendant filed a letter with the court that he sent to Plaintiff advising him that although Defendant was in receipt of his "Discovery Requests" because they were filed of record, the requests had not been served upon Defendant in accordance with the Federal Rules of Civil Procedure and Middle District of Pennsylvania Local Rule 5.4. (Doc. 40.) As such, until the discovery requests were served upon the United States, no responses or objections thereto would be provided to him.

On April 20, 2016, Defendant filed an answer to Njos' complaint. (Doc. 41.) The Answer responded to each of the allegations and claims for relief in the complaint by either admitting, denying, partially admitting/denying, stating that Defendant lacked sufficient knowledge to respond, or claiming that Plaintiff set forth a legal conclusion. The Answer also raised Affirmative Defenses. On April 29, 2016, Plaintiff filed a motion to compel discovery and restart the discovery deadlines. (Doc. 42.) This motion is fully briefed by the parties. (Docs. 43, 49.)

On May 5, 2016, Plaintiff sought clarification of the court's March 10, 2016 Memorandum and Order and its March 17, 2016 order. (Doc. 47.) In the March 17,

2016 order, the court provided clarification of the March 10, 2016 Memorandum and Order pursuant to the request filed by Defendant. A brief in support of Plaintiff's request was also filed. (Doc. 48.) Thereafter, Plaintiff moved for summary judgment on May 16, 2016 (Doc. 50) and filed a supporting brief and statement of facts. (Docs. 51, 52.) He thereafter filed a Request for Entry of Default (Doc. 55) with the Clerk of Court. On June 21, 2016, a motion for default judgment and brief in support thereof was filed by Plaintiff. (Docs. 57, 58.) Plaintiff claims that Defendant defaulted on its obligation to answer the complaint on April 20, 2016, and seeks relief in the amount of $12,075.00 plus interest and costs due to Defendant's alleged failure to defend with respect to his medical malpractice claim. In support thereof, Plaintiff cites Defendant's language in the third affirmative defense raised in the Answer wherein Defendant states that:

> 3. The Court's Order dated March 10, 2016 which ordered the Plaintiff will be permitted to present his case without filing a certificate of merit appears to preclude any claim of professional malpractice and the responses provided herein are to the remaining claims sounding in simple negligence. (Doc. 28.)

(Doc. 41 at 7.)

Following an enlargement of time, Defendant responded to Plaintiff's motion for summary judgment (Docs. 62, 63) and also filed a motion to dismiss or, in the

alternative, for summary judgment (Docs. 59-61.)  Plaintiff filed opposition to this motion.  (Docs. 64, 65.)

Plaintiff later moved for a stay in this action due to his transfer from USP-Lewisburg to a new institution.  Because he was without his legal materials and did not know his new facility and address, the stay was granted on September 14, 2016.  The stay was granted for a period of sixty (60) days, and Plaintiff was to notify the court when he arrived at his new institution and received his property.  (Doc. 67.)  At Plaintiff's request, the stay was enlarged on November 28, 2016, until January 11, 2017.  (Doc. 74.)  While Plaintiff stated that he was now housed at USP-Florence, he also stated that he was still not in possession of his legal materials with regard to the above matter.  Plaintiff was instructed to notify the court when he received his materials.  He has provided no such notification.

On January 19, 2017, an order was issued lifting the stay previously imposed and continued in this matter, for the purpose of considering Plaintiff's pending discovery motions, his motion for clarification, and his motion for default.  (Doc. 75.)  These motions have been pending on the docket for quite some time, and do not require any further filings by Plaintiff.  In light of the pendency of these motions, the court also denied without prejudice to renew/refile and, if necessary, supplement Plaintiff's motion for summary judgment and Defendant's motion to dismiss and/or in

the alternative for summary judgment. As any decision on the pending matters could potentially affect the dispositive motions that were filed, the later motions were denied, but without prejudice.

## II.     Discovery Motions

The scheduling order issued in this case on March 11, 2016, directed that all discovery be completed by July 15, 2016. Dispositive motions and supporting briefs were also to be filed by this date. (Doc. 29.) Although Defendant moved to stay the case management order on March 16, 2016, when it sought to clarify the court's Memorandum and Order of March 10, 2016, the stay was later denied on March 17, 2016. (Doc. 32.) Plaintiff filed a motion to take written depositions and a brief in support thereof on March 24, 2016, within the discovery deadline. (Docs. 33, 34.) This motion was never resolved. In addition, Plaintiff filed a "discovery request" on March 24, 2016. (Doc. 37.) The discovery request consists of the Request for Production of Documents and the Request for Admissions. Defendant sent a letter to Plaintiff stating that because the discovery request was not served on Defendant, but rather only filed with the court, that the United States would not be responding to the discovery requests until such time as they were properly served. (Doc. 40.) In response thereto, Plaintiff filed a motion to compel discovery/motion for extension of time to complete discovery filed on April 29, 2016, also well within the discovery

8

deadline. (Doc. 42.) This discovery motion is also ripe for consideration.

Due to his incarceration, Plaintiff has moved pursuant to Fed. R. Civ. P. 31 to conduct the written deposition of Defendant, via its agent(s), to prepare a motion for summary judgment in this matter and/or respond to any motion filed by Defendant. While Plaintiff has since filed a summary judgment motion and responded to Defendant's motion to dismiss or, in the alternative, for summary judgment, Plaintiff did so without the benefit of court rulings on his discovery motions.

Pursuant to Fed. R. Civ. P. 31(a), Plaintiff is not required to request leave of court to depose the defendant or its agents in this case since defendant is not confined in prison. For that reason alone, the motion could be denied as moot. However, even if Plaintiff were to conduct the deposition of Defendant, via an agent, by written questions, he would have to be fully prepared to explain how he will be able to comply with the requirements of Rule 31. He would need to identify the "officer before whom the deposition is to be taken" and indicate whether the proposed officer has agreed to the assignment. Fed. R. Civ. P. 31(a)(3) and (b). Furthermore, Plaintiff must also demonstrate his financial ability and willingness to pay all costs attendant to the deposition (i.e. any costs of the officer taking the deposition and all postage involved). See Fed. R. Civ. P. 30(c), (e) and (f). "There is no provision in the [in forma pauperis] statute for the payment by the government of the costs of deposition

transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

With this said, Plaintiff's motion for leave to conduct the deposition of Defendant by written questions will be denied as moot.  However, Plaintiff will be afforded thirty (30) days to either demonstrate to this court how he will meet the requirements to conduct the deposition by written questions of Defendant, identify the agent he will depose, and submit the proposed questions to the court, or notify the court that he cannot meet the requirements of Rule 31.  In the event Plaintiff cannot meet the requirements under Rule 31, discovery will be enlarged by a period of sixty (60) days to permit Plaintiff to prepare alternative discovery requests in accordance with the Federal Rules of Civil Procedure that can be served by Plaintiff upon Defendant within thirty (30) days, and which allow Defendant thirty (30) days to respond.

Based on the foregoing, the court will deny in part and grant in part the pending motion to compel discovery and enlarge the discovery deadline in accordance with the above time frame.  Plaintiff has filed a motion to compel seeking answers to discovery that he admittedly has not properly served upon Defendant.  The

request consists of what appears to be Requests for Production of Documents and Requests for Admissions. (Doc. 37.) Plaintiff believes that because Defendant is a registered ECF user, that he can serve his discovery on Defendant by merely filing it with the court. He is mistaken. Although Defendant is aware of the request because of its appearance on the docket, this is not proper service. Discovery is not to be filed with the court unless ordered. It is to be served upon the opposing party. (See M.D. Pa. Local Rules 5.4, 5.6 and 5.7.) Moreover, Defendant never refused to respond to the discovery requests, if properly served. As such, Plaintiff's motion to compel will be denied, but without prejudice to discovery being enlarged for a period of sixty (60) days from today in accordance with the above. Plaintiff may properly serve his Requests for Admissions and Requests for Production upon Defendant, as originally drafted. He can also either demonstrate to the court how he will comply with Rule 31 for the Deposition by Written Questions or he can submit to Defendant his interrogatory questions within the specified time period.

### III. Motion for Clarification/Motion for Default

Also pending on the docket are Plaintiff's motions for clarification of the March 10, 2016 Memorandum and Order (Doc. 47) filed on May 5, 2016, and for default judgment (Doc. 57) filed on June 21, 2016. The Memorandum and Order of which Plaintiff seeks clarification is the same Memorandum and Order Defendant

11

sought clarification of on March 16, 2016. The court has already provided clarification of said Memorandum and Order on March 17, 2016. (Doc. 32.) The Memorandum and Order of March 10, 2016, declined to adopt the R&R of the Magistrate Judge, which recommended granting the motion to dismiss on the ground that Plaintiff failed to file a Certificate of Merit. The court found that based upon the record, Plaintiff clarified his desire to proceed under Pa. R. Civ. P. 1042.3(3) - that expert testimony was not required. Because this is an option under Pa. R. Civ. P. 1042.3, the court found that Plaintiff had complied with the requirements of the rule and that the motion to dismiss could not be granted on said basis. As such, the matter was remanded back to the Magistrate Judge for further proceedings. (Docs. 27, 28.) On March 17, 2016, the court granted Defendant's request to clarify this ruling by informing the parties that Section IV of the complaint at pages 9-10, entitled "Certificate of Merit," in conjunction with Plaintiff's objections to the Magistrate Judge's R&R, clarified his position that he thought no expert testimony was needed, and that he was proceeding under Pa. R. Civ. P. 1042.3(a)(3). As such, the court found that Plaintiff had sufficiently satisfied the requirement of Pa. R. Civ. P. 1042.3, and that the Defendant's motion to dismiss, based on Plaintiff's failure to file a Certificate of Merit, was properly denied. The case was referred back to the Magistrate Judge for further proceedings. (Doc. 32.) Although Plaintiff filed an

opposition to Defendant's motion for clarification on March 24, 2016, the court had already provided the requested clarification. In his motion, Plaintiff argued that the court had already adjudicated the issue of whether he met the Certificate of Service requirement. The court agreed with Plaintiff in the clarification order issued on March 17, 2016.[1] As such, Plaintiff is referred to said order, and his motion for clarification (Doc. 47) is denied as moot.

The court will also deny Plaintiff's pending motion for default judgment. (Doc. 57.) Defendant has filed an answer in this matter addressing each paragraph of the complaint. (Doc. 41.) Defendant may have raised in its "Affirmative Defenses" that its answer only speaks to the simple negligence claims, not any claim of

---

[1] On the same date, Plaintiff also filed "Objections" to the court's decision of March 10, 2016, claiming that he intended to file a Certificate of Merit under Pa. R. Civ. P. 1042.3(a)(1) and 1042.3(a)(3). (Doc. 36.) He also filed "Objections" to the court's order granting Defendant's motion for clarification of the March 10, 2016 Memorandum and Order. (Doc. 38.) First, objections to a court order are not procedurally proper. Second, even if his filings were construed as motions for reconsideration instead of as "objections," Plaintiff only names one defendant in this action, the Bureau of Prisons. As such, his complaint is properly construed as a medical negligence/malpractice action brought under the Federal Tort Claims Act. Despite what Plaintiff states in his filing, he cannot have it both ways. He cannot argue that expert testimony will be provided at a later date if necessary and submit his own declaration summarizing what a doctor has allegedly stated to him in support of his claim, and then also state that expert testimony is not needed because the information is within the common knowledge of the judge. The court has denied Defendant's motion to dismiss this action, and Plaintiff's claim of the denial of proper medical care under the FTCA proceeds.

professional malpractice, and cites to the order of court dated March 10, 2016 for the principle that Plaintiff is being permitted to proceed with his case without filing a certificate of merit.  However, the court has ruled that Plaintiff complied with Pa. R. Civ. P. 1042.3 to the extent that he has satisfied said Rule, because he has stated that no expert testimony is required in this case.  Defendant appears to challenge the sufficiency of Plaintiff's claim that no expert testimony is required.  The court has only found that the certificate of merit requirements have been met, and that Plaintiff believes no expert testimony is required in this case.  Plaintiff is forced to abide by this decision, and it is certainly Defendant's right to take the position in its Affirmative Defenses that expert testimony is required in this case.  Default judgment will not be entered.  An appropriate order follows.