UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

FEB - 8 2017

PER _____ /s/ _____
DEPUTY CLERK

SCOTT J. NJOS,                  :
                                :
       Plaintiff,               :
                                :
v.                              :        CIVIL NO. 3:15-CV-931
                                :
UNITED STATES OF AMERICA,       :        (Judge Kosik)
                                :
       Defendant.               :

## ORDER

Scott Njos, currently an inmate at the United States Penitentiary ("USP") at Florence, Colorado, filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 and §§ 2671-2680 challenging the follow-up care he received following a urinary tract procedure. Named as the sole Defendant is the United States of America. Pending on the docket is Plaintiff's status report with respect to his legal property in this case (Doc. 76), and an "Emergency Motion to Compel" (Doc. 77) which addresses the payment of the filing fee in this matter. These motions were filed on January 31, 2017. The following day, the court issued a Memorandum and Order with respect to ripe motions that were pending for some time on the docket. (Docs. 78, 79.)

In his status report Plaintiff states that since his transfer to USP-Florence from USP-Lewisburg, he has not yet received his legal materials in the above matter. He

seeks a further stay for a period of sixty (60) days in an effort to obtain his materials and continue with the litigation of this matter. His request will be granted and the above matter will be stayed. However, Plaintiff is to notify the court when he has received his legal property in this case.

Also pending is Plaintiff's "Emergency Motion to Compel." In the motion, Plaintiff seeks relief from the monthly payments deducted from his inmate account for the filing fee in the above matter pursuant to 28 U.S.C. § 1915(b)(2). In support of his motion, he relies on the case of Siluk v. Merwin, 783 F.3d 421 (3d Cir. 2015), arguing that in said case, the Third Circuit adopted a "per-prisoner" or "sequential" interpretation of § 1915(b)(2), holding that an indigent prisoner may be assessed no more than 20 percent of his monthly income toward federal court filing fees, regardless of the number of suits filed. Id. at 436. But, on January 12, 2016, the United States Supreme Court decided the case of Bruce v. Samuels, 136 S. Ct. 627 (2016), specifically abrogating Siluk, and held that § 1915(b)(2) requires that monthly filing-fee payments be paid simultaneously on a per case basis, not sequentially, even if this results in 100 percent of the prisoner's monthly income being collected. Id. at 630-33. As such, his motion will be denied.

**ACCORDINGLY, THIS 8th DAY OF FEBRUARY, 2017, IT IS HEREBY ORDERED AS FOLLOWS:**

2

1. Plaintiff's Status Report is construed as a motion for a sixty (60) day stay (Doc. 76) and is **GRANTED**. This case is stayed for a period of sixty (60) days from the date of this order.

2. Plaintiff shall notify the court immediately when he receives his legal property in this matter.

3. Plaintiff's Emergency Motion to Compel (Doc. 77) is **DENIED**.

                                                      EDWIN M. KOSIK
                                                      United States District Judge