IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT J. NJOS, | : | Civil No. 3:15-cv-0931 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | FILED SCRANTON |
| UNITED STATES OF AMERICA, | : | MAR 3 1 2017 |
| Defendant | : | PER_____ DEPUTY CLERK |

## MEMORANDUM

Plaintiff Scott J. Njos, an inmate currently confined at the United States Penitentiary at Florence, Colorado, filed this civil action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671-2680. At the relevant time, Njos was an inmate at the United States Penitentiary at Lewisburg, Pennsylvania. Named as Defendant is the United States. Njos challenges the follow-up care he received after undergoing a urinary procedure. The Court will address two (2) motions that are currently pending on the docket.

I.  **Background**

A motion to dismiss the complaint was denied by the Court on March 10, 2016, and Defendant subsequently filed an answer. (Docs. 27, 28 and 41.) A scheduling order directed that all discovery be completed by the parties and any dispositive motions be filed by July 15, 2016. (Doc. 29.) The discovery deadline was later extended. On February 1, 2017, in response to Njos' motion to enlarge the discovery deadline, he was given thirty (30)

days to demonstrate how he could comply with Federal Rule of Civil Procedure 31 with respect to his request to submit a deposition by written questions. If Njos failed to make such a showing, he would be afforded sixty (60) days to serve interrogatories on Defendant. (Doc. 79.) In addition, the Court granted in part, and denied in part, a motion to compel discovery that had been filed by Njos. The motion was granted in that discovery was enlarged for a period of sixty (60) days for the purpose of allowing Njos to properly serve his Request for the Production of Documents on Defendant, and for Defendant to respond thereto. (Id.) Njos was advised that he could not change or supplement his previous discovery requests in any way. The motion was denied in all other respects. On February 8, 2017, the above matter was stayed, at the request of Njos, for a period of sixty (60) days. (Doc. 80.) As such, the matter is stayed until April 8, 2017.

Since the imposition of the stay, Njos has filed a motion to rescind the Authorization he signed in this case (Doc. 81). He has also filed a motion seeking to enlarge the discovery period (Doc. 83). In addition, he has filed what appears to be a response to objections Defendant has raised to Njos' earlier discovery requests. For the reasons that follow, the motion to rescind will be denied, and any request for an enlargement of the discovery period will be denied without prejudice at this time in light of the stay in place. Moreover, any challenge to discovery responses previously provided by Defendant must be raised in a properly supported motion to compel pursuant to Fed. R. Civ. P. 37. In light of

the stay that remains in place, Njos can file a motion to compel with a supporting brief and attach the challenged discovery responses once the stay in this matter has been lifted, if he so chooses.

## II.  DISCUSSION

### A.  Motion to Rescind

Pending is Njos' motion to rescind the Authorization he signed on May 26, 2015. (Doc. 81.) This motion was filed on February 21, 2017, after the Court had denied a motion to compel filed by Njos. In the motion, Njos attempts to rely on the case of Siluk v. Merwin, 783 F.3d 421 (3d Cir. 2015), arguing that in said case the Third Circuit adopted a "per-prisoner" or "sequential" interpretation of § 1915(b)(2). (Doc. 82.) Njos states that he was advised upon his recent transfer to the United States Penitentiary at Florence that in 2016, the United States Supreme Court decided the case of Bruce v. Samuels, 136 S. Ct. 627 (2016). (Id.). Bruce specifically abrogated Siluk, holding that § 1915(b)(2) requires that monthly filing-fee payments be paid simultaneously on a per case basis, not sequentially, even if this results in 100 percent of the prisoner's monthly income being collected. Bruce, 136 S. Ct. at 630-33.

In the instant motion, Njos seeks to rescind the Authorization form he signed claiming that he was not provided with "constructive notice" that the filing fee installments would be deducted "simultaneous-per case." (Doc. 81.) The Court rejects Njos' argument

3

for the following reasons. A prisoner proceeding in forma pauperis under 28 U.S.C. § 1915 is statutorily required to pay the filing fee if he brings a civil action. Pursuant to 28 U.S.C. § 1915(b)(1), "[i]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." See also Porter v. Dept. of Treasury, 564 F.3d 176, 180 (3d Cir. 2009)(quoting section 1915(b)(1)). This Court has no authority to waive an inmate's not-yet-paid filing fees or refund any portion of filing fees once he has brought the action. Id. As the Third Circuit stated in regard to the filing fees for an appeal: "It is of no consequence whether an appeal is voluntarily dismissed, dismissed due to a jurisdictional defect, or dismissed on the merits—appellants are not entitled to the return of their filing and docket fees." Id. at 179. See also In re Saunders, 563 F. App'x 165 (3d Cir. 2014)(nonprecedential); Williams v. U.S. Dist. Court for District of Newark, 455 F. App'x 142, 144 (3d Cir. 2011) (nonprecedential). The purpose of the fee requirements is to provide an incentive "to 'stop and think' before filing suit." Muhammad v. U.S. Marshals Serv., 385 F. App'x 70, 73 (3d Cir. 2010)(nonprecedential)(quoting Murray v. Dosal, 150 F.3d 814, 818 (8th Cir. 1998)).

While Njos would like to be released from his obligation to pay the filing fee under contract principles, this Court is unable to relieve him of his duty. When he signed the Authorization, he was agreeing to pay the entire filing fee in the above matter. While the process of how installments are paid may have been affected since the time Njos signed

4

the Authorization, his obligation to pay the full filing fee in the above matter and the date this obligation was incurred has never changed. For these reasons, Njos' motion to rescind the Authorization in the above matter will be denied.

### B.   Discovery-related issues

The record reveals that on February 1, 2017, Njos was afforded a period of thirty (30) days to demonstrate that he could meet the requirements for submitting a written deposition to Defendant, in compliance with Fed. R. Civ. P. 31. He was advised that the failure to do so would result in the discovery deadline being enlarged for a period of sixty (60) days to enable him to serve Defendant with interrogatory questions. The discovery period was also enlarged for a period of sixty (60) days to enable Njos to properly serve his discovery requests, as originally drafted, on Defendant, and for Defendant to respond thereto.

However, approximately one week after the Court issued the above discovery order, Njos moved to stay this case for an additional sixty (60) days (Doc. 76), and this request was granted (Doc. 80).  As such, any discovery order with a deadline entered the prior week has been stayed and Plaintiff's pending motion to extend the time for discovery (Doc. 83) will be denied without prejudice.  To the extent Njos seeks to compel discovery responses from Defendant, he can do so once the stay has been lifted, but he must file a properly supported motion and attach the challenged responses. See M.D. Pa. Local Rule 5.4(c).

Moreover, any motion to compel must be properly served on the Defendant. See M.D. Pa. Local Rule 5.4(b). Njos cannot rely on the Clerk of Court to serve his filings, and merely filing them with the Court does not meet the service requirements. It is the responsibility of Njos to serve the Defendant with any discovery requests and every document he files with the Court.

    A separate Order shall issue.

Date: March 31, 2017

Robert D. Mariani
United States District Judge